ON THE MERITS
This expropriation was deemed necessary for the purpose of facilitating travel on Route LA-US 190 through the City of Hammond by dividing the former two lane highway within the city into two one way thoroughfares of two lanes each to permit a smooth flow and an increase in the combined amount of local and through traffic. The taking in question occurred where the two one way streets converged into one street.
Two tracts of land were taken. Parcel 11-1, consisting of 20,417.9 square feet was taken out of a tract, belonging to defendant-appellee, which fronted 346.56 feet on the south side of West Thomas Street and contained 106,800.7 square feet, leaving a remainder of 86,382.8 square feet. Parcel 13-2, consisting of 17,374.17 square feet, was taken from a “L” shaped piece of defendant’s property which fronted 143.5 feet on the south side of West Thomas Street and contained 61,808.19 square feet, leaving one remainder of 38,090.82 square feet north of the taking and another remainder of 6,343.2 square feet south of the taking. The smaller remainder was triangular shaped with a depth on its western boundary line of 80.87 feet, and rapidly decreasing to no depth.
The Trial Court found the defendant entitled to compensation and damages as follows:
“Parcel 11-1
Just compensation (land & improvements) $52,695.00
Damages 43.000.00
Total Parcel 11-1 $95,695.00
“Parcel 13-2
Just compensation 44,240.00
Damages 19.150.00
Total Parcel 13-2 $63,390.00
“SUMMARY:
Total Parcel 11-1 $95,695.00
Total Parcel 13-2 63,390.00
TOTAL 159,085.00
Less previously paid 68.699.00
Due Defendant $90,386.00”
Plaintiff-appellant contends that the Trial Judge was in error in each of the above awards, both for compensation as well as damages.
Subsequent to the original petition and deposit being filed, an amended petition was filed reducing the original estimate of just compensation from $68,699.00 to $60,-868.00. As the Trial Judge points out in his written reasons for judgment, “the appraisers who signed both certificates for the Department were the same who testified for the Department at the trial.”
The Trial Judge noted confusion on the part of the Department’s appraisers in that they were unaware of a modern one story brick office building located on the remainder of defendant’s land from which parcel 11-1 was taken. Like confusion was also noted by the Trial Judge as to a loss of parking in front of this building.
This Court has thoroughly reviewed this entire record and finds no error on the part *1249 of the Trial Judge. The Trial Judge frankly admits that he relied heavily on the expert testimony of Mr. Kermit Williams who testified on behalf of defendant. He was impressed that he was being fair and correct.
In arriving at his conclusion, the Trial Judge said:
“Prior to the taking, the piece from parcel 11-1 was taken was situated in a fast growing commercial section of Hammond and had exposure to traffic in both directions. It was partially developed and was rectangular in shape. After the taking it had access to traffic in only one direction. It was no longer rectangular but had a curved front along the highway and the depth of the undeveloped portion was greatly reduced.
“In the Court’s opinion the property taken was extremely well situated and valuable. The values placed thereon by defendant’s experts are reasonable and in line with other comparable sales in the area. Adjustments to comparables made by Mr. Williams and Mr. Curtis Book, the other defendant expert witnesses, were reasonable and proper.
“Prior to this litigation defendant owned an “L” shaped parcel fronting on the highway and having frontage on Mooney Avenue of 152 feet. Seventy-five feet was previously taken from that, leaving frontages along Mooney of 35 and 42 feet. At the time of the taking forming the basis of this litigation this parcel was definitely a prime commercial site and while its shape was not as advantageous of that of defendant’s other property, this had the added advantage of side and rear access.
“After the taking, the North remainder is very irregular in shape but it does still enjoy the same access advantage it had before the taking. Defendant’s experts estimated damage to this land at 10% and the Department experts found no damage. This Court finds that there was certainly damage to the North remainder and that the estimate of 10% is fair and reasonable.
“The South remainder is so small and its depth so shallow that the property is of little if any commercial value. It could be sacrificed to the adjacent owners because of the long highway frontage but having little if any value and of itself certainly justifies a substantial award of damages for this parcel. Defendant’s experts estimated the square foot value of the South remainder before the taking and as a part of the whole at 2.50. After the taking the square foot value was estimated at 1.00 and .625 by the two defendant’s experts.
“Again, the Department’s experts saw no damages. This Court finds that the remainder on the South side of the East bound lane is practically worthless for any reasonable development and will allow the estimate of damages as computed by the defendant’s experts, Mr. Williams, it being based on good reason and well supported by the facts.
“Plaintiff’s experts attempted to reduce the square footage value which they found from comparable sales by the use of depth tables. Such tables, while they certainly have a place in property appraisals, are not appropriate here. They are useful when the depth of a parcel is much greater than its frontage so that the two are considered disproportionate for development. The parcels from which these takings were made were not disproportionate. The frontage of one exceeded its depth.
“Nor is the Court impressed with the Department’s argument that as to parcel 13-2, the rear land was taken rather than the front land. The rear land was not so removed from the front as to require a lesser value as would be the case where the frontage and depth were disproportionate.
“Plaintiff has also attempted to show special benefit to the remaining properties. This Court fails to see the logic of the experts for the Highway Department. Benefits are common to all of the property in the area and resulted from a general increase in land values caused by infla *1250 tion and the continued prosperity of the whole general area.”
It would serve no useful purpose for this Court to recite in detail all of the complicated testimony of the experts, for we are convinced that defendant has proven his claim as is his burden by a preponderance of the evidence.
Therefore, for the above and foregoing reasons, the judgment of the Trial court is affirmed at appellant’s cost.
AFFIRMED.